———— ————, for defendant.

————⬤————

CUSHENDEN and RUTHERFORD, and another,
*against*
HARMAN, BOARD, and REYNOLDS.

DEBT on a recognisance in replevin.            Demurrer to
Attach the defendants to answer unto *George*    an action of
                                                 debt on a re-
*Cushenden* and *John Rutherford*, late merchants,    cognisance in
                                                      replevin.
trading in company under the name and firm of    Declaration.
*Cushenden & Rutherford*, in *Lansingburgh*, in the
County of *Rensselaer* and State of *New-York*, and
*Ebenezer Canfield*, of *Poultney*, in the County of
*Rutland*, in a plea that they the defendants render to
the plaintiffs the sum of two thousand five hundred
dollars of the current money of this and the *United
States*, which they the defendants justly owe and
unjustly detain, for this, to wit, that whereas at *Cas-
tleton* aforesaid, on the fourteenth day of *March*, in
the year of our Lord 1798, the defendant *Reynolds*
and one *David Stewart*, then of *Castleton*, in the

Cushenden and
Rutherford
v.
Harman et al. County of *Rutland* aforesaid, sued out their certain writ of replevin, the date whereof is the day and year last aforesaid, signed by *Chauncey Langdon*, then one of the Justices of the Peace within and for the said County of *Rutland*, and made returnable to the County Court, then next to be holden at *Rutland*, within and for said County, on the third *Monday* of *November*, 1798, and upon that occasion, and agreeably to the statute in such case made, on the same day and year last aforesaid, personally appeared the defendants before *Chauncey Langdon*, Esquire, Justice as aforesaid, and then and there acknowledged themselves jointly and severally bound and obliged, and firmly holden unto the said *John*, *George*, and *Ebenezer*, their executors and administrators, in the full and just sum of two thousand five hundred dollars, of the current money aforesaid, to be levied of their and each of their goods, chattels, lands and tenements, and for want thereof upon their and each of their bodies, if default should be made in the following conditions : the conditions of which recognisance are such, that if the above bounden *Reynolds* and *David Stewart* shall prosecute their said writ of replevin, now here prayed out against the said *Cushenden*, *Rutherford*, and *Canfield*, to effect, or in default thereof redeliver the estate to be replevied as in said writ of replevin mentioned, to the said *John*, *George*, and *Ebenezer*, from whom said estate is to be taken, and answer all damages occasioned by issuing this writ of replevin, then this bond of recognisance to be void, otherwwise to be of full force and effect, as by said bond of recognisance, ready in Court to be produced, may fully appear ; and for this, that said writ of replevin was directed to the sheriff of

*Rutland* County, his deputy, or either constable of *Poultney*, in said County, to serve and return according to the precept thereof, and which writ contained the estate particularly to be replevied, and to be delivered to the said *Stewart* and *Reynolds*, and the same writ of replevin, on the 15th day of *March*, 1798, the said *Stewart* and *Reynolds* put into the hands of *Joel Hamilton*, then, ever since, and still a legal deputy under *Jonathan Bell*, Esquire, then, ever since, and still sheriff within and for the County of *Rutland* aforesaid, to serve and return according to law, and afterwards, at *Poultney* aforesaid, on the day and year last aforesaid, the said *Joel Hamilton*, being sheriff's deputy as aforesaid, replevied and took the estate in the said writ of replevin mentioned, from the plaintiffs, and the same delivered to the said *Stewart* and *Reynolds*, and also left with *John Cook*, Esquire, attorney for the said *Stewart* and *Reynolds*, a true and attested copy of said writ of replevin, with his return thereon endorsed; and afterwards, to wit, at the *November* term of the County Court, begun and holden at *Rutland*, within and for the County of *Rutland*, on the third *Monday* of *November*, 1798, the said *Stewart* and *Reynolds* entered their said writ of replevin in said Court; and such proceedings were had in said action of replevin, that the same was continued in said Court until the term of said Court holden at *Rutland* aforesaid, within, &c. on the third *Monday* of *November*, A. D. 1800, at which said term of said County Court, the said *John*, *George*, and *Ebenezer* recovered judgment in said action of replevin against the said *Stewart* and *Reynolds* for their costs, and that the estate mentioned and particularly described in

said writ of replevin, should be redelivered to the said *John*, *George*, and *Ebenezer*, the now plaintiffs, as by the files and records of said County Court, ready here in Court to be shown, may appear. Now the plaintiffs in fact say, that the said *Stewart* and *Reynolds* did not prosecute their writ of replevin against them the said *John*, *George* and *Ebenezer*, to effect, nor have they redelivered the said estate, replevied as aforesaid, to the said *John*, *George* and *Ebenezer*, nor to either of them, nor have they answered any or all damages, occasioned by the issuing said writ of replevin, nor have the defendants paid the sum contained in said bond of recognisance, by reason of which an action hath accrued to the plaintiffs, to have and demand of the defendants the aforesaid sum of two thousand five hundred dollars. Nevertheless the defendants have neglected and refused, and still do neglect and refuse, to pay to the plaintiff the said sum of, &c. or any part thereof, although to pay the same they the defendants have been often thereunto requested, which is to the damage of the plaintiffs, as they say, 3,000 dollars, for the recovery of which, with just costs, the plaintiffs bring this writ.

To this declaration the defendants demurred generally, and assigned for causes of demurrer,

First. That the plaintiffs have not set forth any right in themselves to the estate replevied.

Secondly. That they have not, in their declaration, described the estate, goods and property replevied.

Thirdly. That they have not alleged any *especial* demand for the redelivery of the estate replevied.

The cause was argued by *Cook*, for the plaintiffs, and *Langdon*, for the demurrants.

The Court delivered the following opinion.

*Curia.* The plaintiffs declare upon a bond of recognisance entered into by the defendants before a Justice of the Peace upon the issuing of a writ of replevin, in which *Parker Reynolds* and *David Stewart* were plaintiffs, and the present plaintiffs were avowants, conditioned that the plaintiffs in replevin should prosecute their writ to effect, and in default and upon award of redelivery of the estate replevied, to redeliver the same, and answer all damages occasioned by issuing the writ. The declaration then alleges, that the estate was replevied by virtue of the writ. That the writ of replevin was entered in the County Court to which it was made returnable, and that, after several imparlances, judgment was rendered against the plaintiff in replevin, and a return of the estate replevied awarded, and so the plaintiffs say, that *Stewart* and *Reynolds* did not prosecute their writ to effect, and did not, &c. They then allege a *general* request, and neglect and refusal to pay the bond, &c.

The defendants demur generally, and take several exceptions to the declaration, which are now to be considered.

First. That the plaintiffs have not set forth in themselves any right to the estate replevied.

The declaration sets forth, that the writ of replevin was served by taking the estate replevied from the now plaintiffs, and delivering it to *Stewart* and *Reynolds*, the plaintiffs in replevin.

When goods are taken in replevin, the plaintiff may show, not only a general property, which every show not only the *general property* which every owner hath, but also a *special property*, such as a person has who hath goods pledged to him, &c.

owner hath, but also a special property, such as a person has who hath goods pledged to him, or who hath the cattle of another to manure his lands, &c. *Bac. Abr.* vol. 6, p. 69. And on the other hand the defendant, in his avowry, need not show a right to the property in himself; for if he has the possession, which must be if the property is taken from him by the writ, he ought to have it returned to him for the benefit of the right owner. *Comb.* p. 477. *Barret* v. *Scrimshaw.* But whatever may be the present plaintiffs' interest in the property replevied, it cannot now come in issue; for it has been already decided in the action of replevin, and that is the gist of the breach of the bond of recognisance as declared upon. The Court therefore consider, that the plaintiffs have in their declaration set forth a sufficient interest in the property replevied, to maintain the present action.

The second exception is, that the plaintiffs have not in their declaration described the estate replevied.

In debt on a recognisance entered into for the prosecution of a writ of replevin, if the defendants would avail themselves of the return of any part of the property replevied, so that the identity, quantity, and quality of the property replevied, becomes necessary to be spread on the record, or to use the same for any other of replevin. The declaration describes the property replevied by reference to the writ of replevin, " and took the estate in the said writ of replevin mentioned," and again the declaration makes profert of the records and proceedings of the County Court in the action of replevin. In *England* the action upon a replevin bond is a *scire facias;* but with us, in case of a breach of the replevin bond, an action of debt is brought upon it, reciting the proceedings in the action of replevin in breach, and is so far of the nature of a *sci. fa.* that it is connected with and predicated upon a former judgment, a reference to which by purpose in pleading, they should crave *oyer* of the record in the action of replevin.

profert is a sufficient certainty for the Court to pro- <span style="float:right">Cushenden and<br>Rutherford<br>v.<br>Harman et al.</span>
ceed in rendering judgment. *Id certum est quod
certum reddi potest.* What is proferted in a declara-
tion may be craved, and shall be read in *oyer.* If
the defendants inclined to avail themselves of the
return of any part of the property replevied, so
that the identity, quantity, and quality of the pro-
perty replevied became necessary to be spread parti-
cularly on the present record, or to use the same for
any other purpose in pleading, they should have
craved *oyer* of the County Court records.

The Court therefore consider, that the second ex-
ception is not well taken.

The last exception is, that the plaintiffs have not
alleged any especial demand of the property re-
plevied.

The bond of recognisance, as set forth in the de-
claration, combines the *English plegii de prosequendo,*
by common law, and *plegii de retorno habendo,* by
the statute of *Westminster* 2, cap. 2. with a clause of
indemnification from all damages resulting from the
issuing the writ. In *England* the pledges to prose-
cute and to return the property in case, are taken to
the sheriff, and the *sci. fa.* issues in his name against
the pledges ; with us the bond is taken to the avow-
ants, and an action in the nature of a *scire facias* is
commenced against the plaintiff in replevin, and his
sureties in the name of the recognisee. In the elder
country the writ *de retorno habendo* is not a returna-
ble process, and seems only to be used to decide
whether the property replevied be eloigned or not.
For if the defendant hath a return awarded to him,
and he sueth a writ *de retorno habendo,* and the she-
riff returns on the *pluries, quod averia elongata sunt,*

Cushenden and
Rutherford
v.
Harman et al.

he shall have a *scire facias* against the pledges, &c. according to the statute of *Westm.* 2. (13 *Edw.* I. stat. 1.) and if they have nothing, then he shall have a *withernam* against the plaintiff's own cattle. *Fitzherbert's N. B.* 172.

By our practice, the writ *de retorno habendo* or *withernam* have not therefore been ·resorted to, but the usual mode has been when in replevin a return of the property has been awarded, with judgment for costs, to have recourse to an action on the bond, which, as it embraces in its covenants all the several injuries the avowants in replevin may have sustained, has been found to answer all the purposes of those writs, with others not included in them, excepting that in our practice no provision is made to ascertain on the record whether the property is eloigned or not, or is refused to be redelivered. It might, perhaps, be better in all cases to issue the writ *de retorno habendo* as against the plaintiff in replevin, and to procure a regular return by a proper officer, *quod catalla elongata sunt*, (which would be tantamount to a demand and refusal,) or that the sheriff had demanded the chattels of the plaintiff in replevin, which he refused to redeliver, and then recourse might be had to an action on the bond, waiving the writ *de withernam ;* but since this is not the practice, we must endeavour to give such a consistency to the present practice as we are able. It has been usual to institute actions on recognisances in replevin, without alleging any especial demand. *Communis error facit jus.* The Court therefore consider, that

In an action upon a recognisance taken for the prosecution of writ of replevin, where the redelivery of the property has been awarded, it is not necessary to allege in the declaration a *special* demand of the property replevied.

in an action upon a recognisance, taken for the prosecution of a writ of replevin, where the redelivery

of the property. has been awarded, it is not necessary to allege in the declaration a special demand of the property replevied..

<span style="float:right">Cushenden and<br>Rutherford<br>v.<br>Harman et al.</span>

. Let judgment be entered, that the declaration is sufficient.

. TYLER, Assistant Judge, *hesitante.*

Declaration sufficient.

*John Cook,* for the plaintiffs.
*Chauncey Langdon,* for defendants.